892 F.2d 1043
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter C. BECKER, et al., Plaintiff-Appellant,
v.
ALLSTATE INSURANCE CO., Defendant-Appellee.
 No. 89-3234.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs, Mr. and Mrs. Walter C. Becker ("the Beckers"), appeal from the order of the district court which determined the total amount of underinsured motorist coverage provided in their insurance contract with defendant, Allstate Insurance Company ("Allstate").
 
 
 2
 Prior to 1979, the Beckers purchased an Allstate automobile policy, which they renewed every six months thereafter. Although the policy provided uninsured motorist coverage, it did not include underinsured motorist coverage. In 1980, Allstate offered underinsurance coverage to its insureds, but the Beckers did not accept Allstate's offer. In 1982, the Ohio General Assembly adopted legislation which mandated the inclusion of underinsured motorist coverage in the policies of those insureds who had purchased uninsured motorist coverage. See Ohio Rev.Code § 3937.18. Thereafter, Allstate informed its insureds that their policies would be amended to contain underinsured motorist coverage subject to certain restrictions. One such restriction was an anti-stacking provision that precluded insureds with multiple vehicles from recovering the aggregate sum of the policy limits on all of their insured vehicles.
 
 
 3
 On January 25, 1984, Mr. Becker was operating his Allstate-insured vehicle, when he was struck by an automobile negligently operated by Alice Shaull ("Shaull"). Mr. Becker suffered severe and permanent injuries, including brain damage. Mrs. Becker lost the services and society of her husband. Although Shaull's liability insurance carrier offered the Beckers her policy limits, their damages exceeded those limits. Thus, the Beckers initiated this action to collect unrestricted underinsurance benefits from Allstate.
 
 
 4
 On January 6, 1988, the Beckers sought a declaratory judgment on the disputed underinsurance issues and filed a complaint against Allstate in the Court of Common Pleas of Richland County, Ohio. The complaint was removed to federal court, pursuant to 28 U.S.C. § 1441(a). After reviewing comprehensive stipulations of fact, and conducting a brief bench trial, the district court issued, on January 18, 1989, a memorandum opinion and order. The court held that:
 
 
 5
 1. The anti-stacking provisions of ... the [b]asic contract of insurance as issued to the plaintiffs and thereafter amended apply to the plaintiffs' recovery of underinsured benefits.
 
 
 6
 2. The underinsured motorist coverage to which the plaintiffs are entitled under the provisions of their insurance contract with the defendant is $100,000 for each insured and $300,000 for each accident.
 
 
 7
 3. The set-off provision set forth in ... the [b]asic contract of insurance applies to the plaintiff-insureds so that any amount paid by the underinsured motorist or her carrier, as a result of the injuries suffered by Mr. Becker in the January 25, 1984 accident is set off against the plaintiffs' policy limits.
 
 
 8
 4. The medical payments coverage contained in the insurance contract are subject to the anti-stacking provisions thereby limiting the recovery of the plaintiff Walter Becker to the sum of $2,000 recovery for the injuries received in the accident of January 25, 1984.
 
 
 9
 Walter Becker, et al. v. Allstate Insurance Co., No. C88-413A, slip op. at 11-12 (N.D.Ohio Jan. 18, 1989).
 
 
 10
 The order of January 18, 1989 was subsequently vacated by the district court upon the motion of the plaintiffs, but was reinstated in an order dated February 14, 1989. This order incorporated the memorandum opinion and order of January 18, 1989, including an additional declaration that "the coverage to which the plaintiffs are entitled, including the loss of consortium claim of Mrs. Becker, is limited to $100,000 for the accident occurring on January 25, 1984." Walter Becker, et al. v. Allstate Insurance Co., No. C88-413A, order at 2-3 (N.D.Ohio Feb. 14, 1989).
 
 
 11
 After careful consideration of the record, the briefs submitted, and the arguments of counsel, we find no error in the opinion of the Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio. Accordingly, we hereby AFFIRM based on the district court's order of February 14, 1989, which incorporated the court's opinion and order entered January 18, 1989.